UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-81034-CIV-ZLOCH

GRIER BIBBY,

    Plaintiff,

vs.

BOCA LAGO COUNTRY CLUB, INC.,

    Defendant.

_____/

**ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, BOCA LAGO COUNTRY CLUB, INC. ("BLCC"), by and through undersigned counsel, hereby answers the Amended Complaint filed by Plaintiff, GRIER BIBBY ("Plaintiff"), with the following paragraphs numbered to correspond to the paragraphs in the Amended Complaint.

**ANSWER**

**PARTIES, JURISDICTION, AND VENUE**

1.    With regard to the allegations in paragraph 1 of the Amended Complaint, BLCC admits Plaintiff is over 18 years old.  BLCC is without knowledge as to whether Plaintiff is a resident of Palm Beach County, Florida.  BLCC denies the remaining allegations of paragraph 1 of the Amended Complaint.

2.    BLCC admits the allegations in Paragraph 2 of the Amended Complaint.

3.    BLCC admits the allegations in Paragraph 3 of the Amended Complaint.

4.    BLCC admits venue is proper in this Court.

5.    BLCC admits this Court has jurisdiction over this matter.

## BACKGROUND FACTS

6. BLCC admits that it is subject to the provisions of the Fair Labor Standards Act ("FLSA").

7. BLCC admits that it is subject to the provisions of the FLSA.

8. BLCC admits that it is subject to the provisions of the FLSA.

9. BLCC admits that it is subject to the provisions of the FLSA.

10. BLCC admits Plaintiff held the position of First Assistant Golf Professional from September 7, 2001 until his termination of employment by BLCC.

11. BLCC is without knowledge as to the allegations in Paragraph 11 of the Amended Complaint and, therefore, denies the allegations and demands strict proof thereof.

12. BLCC admits that it is subject to the provisions of the FLSA.

13. BLCC denies the allegations in Paragraph 13 of the Amended Complaint.

14. BLCC denies the allegations in Paragraph 14 of the Amended Complaint.

15. BLCC denies the allegations in Paragraph 15 of the Amended Complaint.

16. BLCC denies the allegations in Paragraph 16 of the Amended Complaint.

17. BLCC admits the allegations in Paragraph 17 of the Amended Complaint.

18. BLCC is without knowledge as to the allegations in Paragraph 18 of the Amended Complaint and, therefore, denies the allegations and demands strict proof thereof.

## COUNT I - OVERTIME VIOLATION

BLCC reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

19. BLCC denies the allegations in Paragraph 19 of the Amended Complaint.

20. BLCC denies the allegations in Paragraph 20 of the Amended Complaint.

#26403401_v1

21. BLCC denies the allegations in Paragraph 21 of the Amended Complaint. BLCC further denies that Plaintiff is entitled to any of the relief or damages sought in the Wherefore clause following Count I of the Amended Complaint.

## COUNT II - UNPAID WAGES UNDER FLA. STAT. §448.08

BLCC reincorporates and re-alleges paragraphs 1 through 21 as though set forth fully herein and further alleges as follows:

22. BLCC denies the allegations in Paragraph 22 of the Amended Complaint.

23. BLCC is without knowledge as to the allegations in Paragraph 23 of the Amended Complaint and, therefore, denies the allegations and demands strict proof thereof.

24. BLCC denies the allegations in Paragraph 24 of the Amended Complaint.

25. BLCC denies the allegations in Paragraph 25 of the Amended Complaint.

26. BLCC denies the allegations in Paragraph 26 of the Amended Complaint.

27. BLCC denies the allegations in Paragraph 27 of the Amended Complaint. BLCC further denies that Plaintiff is entitled to any of the relief or damages sought in the Wherefore clause following Count II of the Amended Complaint.

## AFFIRMATIVE DEFENSES

In addition to the specific responses to the numbered paragraphs in Counts I and II of the Amended Complaint, BLCC asserts the following affirmative defenses:

### First Affirmative Defense

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Plaintiff has failed to state a claim upon which relief can be granted in Count I because Plaintiff's job duties and responsibilities qualified for the executive exemption, the administrative exemption, and/or the professional exemption of the Fair Labor Standards Act and, therefore, Plaintiff was not eligible

#26403401_v1

to receive overtime compensation.

### Second Affirmative Defense

Plaintiff's claim for liquidated damages in Count I is barred or precluded pursuant to 29 U.S.C. § 260 because BLCC's actions regarding overtime compensation for Plaintiff were taken in good faith and with reasonable grounds - based on Plaintiff's job duties - for believing that they were not violating the Fair Labor Standards Act.

### Third Affirmative Defense

Plaintiff's claim in Count I is barred because any alleged acts or omissions by BLCC were in good faith conformity with and in reliance on applicable statutes, regulations, orders, administrative rulings, approvals, interpretations, or administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the U.S. Department of Labor with respect to the class of employers to which BLCC belongs.

### Fourth Affirmative Defense

Without admitting that any violations of the Fair Labor Standards Act occurred, the *de minimis* rule applies to any alleged violations in Count I.

### Fifth Affirmative Defense

Plaintiff's claim is barred because there is no case or controversy; thus, the Court lacks jurisdiction as there is no justiciable claim.

### Sixth Affirmative Defense

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Plaintiff has failed to state a claim upon which relief can be granted.  The Amended Complaint, and the purported claims for relief alleged therein, cannot be maintained as a collective action under 29 U.S.C. § 216(b) or other like provisions because, among other things, Plaintiff is not similarly situated to other

employees of BLCC.

### Seventh Affirmative Defense

Plaintiff's claims in Counts I and II are barred or, in the alternative, BLCC is entitled to a credit or set off against sums claimed by Plaintiff, because Plaintiff misrepresented to BLCC the hours he actually worked.

### Eighth Affirmative Defense

Plaintiff's claims are barred by virtue of his own acts, conduct, and/or omissions, including, but not limited to, failure to comply with the prevailing terms, conditions, policies and procedures governing Plaintiff's employment, including failure to properly record hours worked and failure to notify BLCC that he was owed unpaid overtime. Plaintiff failed to avoid harm to himself, if any.

### Ninth Affirmative Defense

Plaintiff has been properly compensated by BLCC for all hours worked by Plaintiff for BLCC.

### Tenth Affirmative Defense

Plaintiff's claims in Count II of the Amended Complaint are barred to the extent Plaintiff has failed to mitigate his damages, if any.

### Eleventh Affirmative Defense

Plaintiff's claims in Count II of the Amended Complaint are barred by the Statute of Frauds to the extent they are based on an alleged oral or written agreement not authored or signed by BLCC.

BLCC reserves the right to plead any additional affirmative defenses that may be applicable based on evidence revealed during discovery of this matter, and to correct,

supplement or amend these affirmative defenses up through and including trial, with leave of the Court.

WHEREFORE, Defendant, Boca Lago Country Club, Inc., prays that judgment be entered in its favor, that Plaintiff take nothing by this suit, that Defendant recover its reasonable attorney's fees and costs under section 448.08, Fla. Stat., and be awarded such other legal and equitable relief that the Court deems just and proper.

Dated:  November 13, 2013

>Respectfully submitted,
>
>**HOLLAND & KNIGHT LLP**
>*Attorneys for Defendant*
>515 East Las Olas Boulevard, Suite 1200
>Fort Lauderdale, Florida  33301
>(954) 525-1000
>(954) 463-2030 (fax)
>Email:  erika.royal@hklaw.com
>          lindsay.swiger@hklaw.com
>
>By: */s/Erika R. Royal*
>    **Erika R. Royal**
>    Florida Bar No. 0154385
>    **Lindsay Dennis Swiger**
>    Florida Bar No. 0045783

## CERTIFICATE OF SERVICE

*I Hereby Certify* that on **November 13, 2013**, I electronically filed the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

| Brian H. Pollock, Esq.<br>FAIRLAW FIRM<br>9130 S. Dadeland Boulevard, Suite 1500<br>Miami, Florida  33156<br>Email:  brian@fairlawattorney.com<br>*Counsel for Plaintiff* | Gregg S. Grossman, Esq.<br>GREGG S. GROSSMAN, P.A.<br>1646 S. Bayshore Drive<br>Miami, Florida  33133<br>Email:  grossmanpa@bellsouth.net<br>*Co-Counsel for Plaintiff* |
|---|---|

>By: */s/Erika R. Royal*
>    Erika R. Royal (FBN 0154385)

#26403401_v1